UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ASHTON RUTHERFORD                          CIVIL ACTION

VERSUS                                     NO. 23-2570

PONTCHARTRAIN MATERIALS                    SECTION M (1)
CORPORATION, LLC, *et al.*


**<u>ORDER</u>**

On April 9, 2024, plaintiff Ashton Rutherford filed an *ex parte* motion to dismiss defendant Norwood Favre *without prejudice*.[1]  Because Favre had previously filed both an answer[2] and a motion for summary judgment seeking dismissal *with prejudice*,[3] and indicated to the Court that he objects to his dismissal on a without-prejudice basis, this Court set a briefing schedule for Rutherford's motion to dismiss.[4]

Rutherford filed a supplemental memorandum in support of the motion to dismiss, stating that while he determined that his claim against Favre should be dismissed, he asks that such dismissal be *without prejudice* "so as not to be a determination adjudication on the merits and thereby possibly affecting his rights against his Jones Act employer, Pontchartrain Materials Corporation, LLC."[5]  He does not explain how he believes such rights could be affected.  Favre responds, urging the Court to grant his motion for summary judgment and dismiss Rutherford's claims against him *with prejudice.*[6]

---

[1] R. Doc. 23.  Rutherford did not seek consent from Favre before filing the motion to dismiss.
[2] R. Doc. 10.
[3] R. Doc. 20.  In addition, Favre had also previously adopted the motion for summary judgment filed by defendant Pontchartrain Materials Corporation, LLC, which likewise seeks dismissal *with prejudice*.  R. Doc. 19.
[4] R. Doc. 24.
[5] R. Doc. 25.
[6] R. Doc. 27.

After a defendant has filed an answer or a motion for summary judgment, a district court may grant a plaintiff's voluntary motion to dismiss only "on terms that the court considers proper." Fed. R. Civ. P. Rule 41(a)(2).  Here, dismissal *with prejudice* of Rutherford's claim against Farve is warranted because Favre filed an answer and a meritorious motion for summary judgment before Rutherford sought voluntary dismissal of his claim against Favre.  Moreover, Rutherford agrees that his claim against Favre should be dismissed.[7]  The Court does not see how a dismissal *with prejudice* of Rutherford's claim against Favre will impact Rutherford's right to proceed against the remaining defendant, Pontchartrain Materials Corporation, LLC, and Rutherford makes no such showing.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Rutherford's motion to dismiss Favre (R. Doc. 23) is GRANTED but with prejudice, not without prejudice, and therefore Rutherford's claim against Favre is DISMISSED WITH PREJUDICE.[8]

New Orleans, Louisiana, this 25th day of April, 2024.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[7] To be sure, by not opposing Favre's motion for summary judgment, Rutherford concedes that this motion for dismissal of his claim against Favre is meritorious.

[8] This order renders moot Favre's motion for summary judgment (R. Doc. 20).

2